CHARLES E. BRESLER v. WASHINGTON ELLIS, DRAIN COMMIS-
SIONER, AND THE BOARD OF SUPERVISORS OF WAYNE
COUNTY—LOUIS BRESLER v. SAME.

*Certiorari to bring up proceedings to lay out ditch.*

A writ of *certiorari* to review proceedings for laying out a ditch was sued out eight months after the work had been finished and when the only assessments in arrears were those for which the petitioner was liable. The work had continued more than a year and was to be paid for in three annual assessments. *Held,* that the fact that he was out of the county when he heard the ditches were finished was not in itself a sufficient excuse for his delay in suing out the writ, and that *certiorari* was not the proper remedy to enforce whatever rights he might have.

*Certiorari* to review proceedings to carry out public improvements should not be granted after any considerable delay in suing out the writ, unless the court is satisfied that the delay is not due to the petitioner's neglect.

Certiorari. Submitted June 16. Decided June 22.

*D. C. Holbrook* for petitioners.

*Moore & Moore* for respondent Ellis.

GRAVES, J. This is a *certiorari* to review the proceedings for the laying out and construction of certain ditches in Wayne county. A preliminary question is raised that

the writ was not seasonably applied for and ought therefore to be dismissed. The proceedings were commenced in March, 1879, and on the 23d of June the contracts for ditching were given out. The expense was required to be raised in three instalments, one-third in 1879, one-third in 1880, and the residue in 1881. The plaintiff admits in the petition that the entire work was finished as early as July, 1880. He neglected, however, to make application for the writ until April, 1881, a period of more than eight months thereafter, and until as would seem there remained in arrear no other assessments except those charged against him.

The only reason intimated as an explanation for the delay is a statement in the petition that the plaintiff was absent from the United States at the time he was first informed that the ditches were finished in July, 1880. There is nothing in this circumstance to excuse the continued failure for so many months to take steps. There will be danger of great injustice in allowing persons to lie by in cases of this class until all the benefit to arise from the work is secured and nothing remains but the payment of their share of the expense, and then permit them to intervene by *certiorari* and procure the proceedings to be overthrown, and before permitting it the court should be satisfied that the delay has not been owing to any fault or neglect on the part of the applicant.

Whatever right the applicant may have, the present is not the proper remedy.

The writ of *certiorari* is quashed with costs.

The other Justices concurred.